**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA**

| | |
|---|---|
| Jose Manuel Ibarra Sanchez,<br><br>                        Petitioner,<br><br>vs.<br><br>Pamela Jo Bondi, in her official capacity as Attorney General of the United States et al.,<br><br>                    Respondents. | Case No. 1:26-cv-00063 |

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

**INTRODUCTION**

[¶ 1]   THIS MATTER comes before the Court on a Petition for Writ of Habeas Corpus filed March 6, 2026. Doc. No. 1. Respondents filed a Response on March 12, 2026, and March 20, 2026. Doc. Nos. 3, 7. Petitioner filed a Reply on March 16, 2026. Doc. No. 5.

[¶ 2]   Petitioner is a citizen of Mexico who has been residing in the United States since March 2022, most recently in Bismarck, North Dakota. Doc. No. 1, ¶ 42. He was taken into custody on October 19, 2025, in connection with two criminal violations of a domestic violence protection order. See State of North Dakota v. Jose Manuel Ibarra Sanchez, North Dakota State Court Nos. 08-2025-CR-3239 and 08-2025-CR-3234, Index #3. The next day, ICE served Petitioner with an administrative Warrant for Arrest of Alien. Doc. No. 4-1. He was given a Notice to Appear on February 12, 2026, before an immigration Judge. Doc. No. 4-3. There was also an Immigration Detainer requesting notice prior to his release from the state charges. Doc. No. 4-4. He was released from state custody and transferred to ICE custody at the Burleigh Morton Detention Center on

- 1 -

February 10, 2026. Doc. No. 4-2. At the time the Petition was filed, he was detained at the Burleigh Morton Detention Center.

[¶ 3]    Petitioner asserts his is being illegally detained in violation of (1) the Fifth Amendment (substantive due process); (2) the Immigration and Nationality Act (8 U.S.C. § 1226) and Procedural Due Process; (3) the Fourth Amendment, 8 U.S.C. § 1357(a)(2) and 8 C.F.R. 287.3(d) (unlawful arrest). For the reasons set forth below, the Petition is **DENIED** and **DISMISSED without prejudice**.

### DISCUSSION

### I.    Legal Standard: Habeas Corpus

[¶ 4]    The Constitution provides the right to a Writ of Habeas Corpus, which requires authorities to present a detained person before the court to determine if the detainment is lawful. See U.S. Const. Art. I, § IX. "Habeas is at its core a remedy for unlawful executive detention." Munaf v. Green, 553 U.S. 674, 693 (2008). As a general matter, 28 U.S.C. § 2241 grants district courts broad jurisdiction to issue a writ of habeas corpus "as law and justice require." Jones v. Hendrix, 599 U.S. 465, 473 (2023). A prisoner can bring a petition for a writ of habeas corpus when "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The Supreme Court has held that § 2241(c)(3) confers jurisdiction on district courts to hear habeas corpus challenges to the legality of the detention of aliens. Rasul v. Bush, 542 U.S. 466 (2004).

[¶ 5]    To benefit from the writ's protection, a habeas petitioner bears the burden of demonstrating by a preponderance of the evidence that his or her detention is unlawful. Maldonado v. Olson, 795 F. Supp. 3d 1134, 1143 (D. Minn. 2025) (collecting cases). Since the Petitioner is currently being held in North Dakota, this Court has jurisdiction over this matter. See Trump v. J.G.G., 604 U.S.

670, 672 (2025) (per curiam) (holding that jurisdiction for core habeas petitions "lies in only . . . the district of confinement").

## II.   Section 1225(b)(2)

[¶ 6]   Petitioner claims that Section 1225(b)(2) does not apply to him. However, the Eighth Circuit recently held illegal aliens such as Petitioner are subject to mandatory detention under § 1225(b)(2). Avila v. Bondi, ---F.4th----, 2026 WL 819258 (8th Cir. March 25, 2026). Accordingly, Petitioner's claims to the contrary are barred by Avila.

## III.   Petitioner's Due Process Arguments Fail

[¶ 7]   Petitioner also claims his detention violates his due process rights under the Fifth Amendment. Doc. No. 1. The dissent in Avila notes that "[a]fter the Fifth Circuit's decision in Buenrostro-Mendez [v. Bondi, 166 F.4th 494 (5th Cir. 2026)], multiple district courts in the Fifth Cricuit have granted similar habeas petitions on due process grounds." ---F.4th----, 2026 WL 819258 at *8 n.8 (Erickson, J., dissenting). This Court disagrees with that approach.

[¶ 8]   As noted, § 1225(b)(2)(A) squarely governs his immediate detention. Therefore, Petitioner is not being detained absent due process because being detained pursuant to a constitutionally legitimate statute promulgated by Congress is not a due process violation. The Supreme Court addressed a similar situation in Demore v. Kim, 538 U.S. 510 (2003), and concluded that mandatory detention pending removal proceedings does not violate due process. The Demore detainee argued that since deportation proceedings are indefinite, the indefinite detention violates the Due Process Clause. Id. However, the Court rejected that premise, holding that "detention under Section 1226(c) has a definitive end-point—the end of the removal proceedings—and thus a noncitizen is not subject to indefinite detention." Id. at 529. Thus, Petitioner's due process claim

"must fail [and] [d]etention during removal proceedings is a constitutionally permissible part of the process." Id. at 531.

### IV.    Petitioner's Arrest was Legal

[¶ 9]    Petitioner argues that the arrest was warrantless and therefore, he should be released immediately. Respondents have produced the administrative warrant, ICE's record of his detention, a detainer, and notice to appear. Doc. Nos. 9-1, 9-2, 9-3, 9-4.

[¶ 10]   The Eighth Circuit has held § 1225 applies, not § 1226. Avila, ---F.4th----, 2026 WL 819258. Section 1225 makes no mention of a warrant, only an inspection by an immigration official. Under § 1357 if an immigration officer has reason to believe an alien is in the United States illegally without a warrant if the alien is also a flight risk. However, under § 1225, if after inspection of an immigration official the applicant for admission is not clearly entitled to stay in the country, detention is mandatory. The key difference between these statutes is the knowledge of the official. "Reason to believe" is a different standard than knowledge. "[R]easonable suspicion means only that immigration officers may briefly stop the individual and inquire about immigration status. . . . Only if the person is illegally in the United States may the stop lead to further immigration proceedings." Noem v. Vasquez Perdomo, 146 S. Ct. at *3 (Kavanaugh, J., concurring).

[¶ 11]   The Supreme Court acknowledged in 1984 that deportation proceedings are not meant to punish past action but prevent continuing illegal action. To allow someone subject to mandatory detention to go free would "require the courts to close their eyes to ongoing violations of the law." INS v. Lopez-Mendoza, 468 U.S. 1032, 1046 (1984).  An immigration official who has knowledge an applicant for admission has no clear right to be in the United States is required to hold that

- 5 -

person in detention until the removal proceedings are completed. Under § 1357, a flight risk is required because the immigration official only has a reason to believe the person is here illegally, whereas with knowledge the assessment of flight risk is not needed because § 1225 requires detention. Therefore, Petitioner did not suffer an unlawful arrest under the Fourth Amendment, 8 U.S.C. § 1357(a)(2) or 8 C.F.R. 287.3(d).

### **CONCLUSION**

[¶ 12]  For the reasons set forth above, the Petitioner's Habeas Petition is **DENIED**. This action is **DISMISSED without prejudice**.

[¶ 13]  **IT IS SO ORDERED**.

DATED March 31, 2026.

Daniel M. Traynor, District Judge
United States District Court